## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MICHAEL MENESE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| OSP PREVENTION GROUP, INC. and WILLIAM E. MABRY II, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through his attorneys, and asserts his claims against Defendants under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), for overtime pay compensation and other relief on the grounds set forth as follows:

## INTRODUCTION

### 1.

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, et seq. by Plaintiff, a former Property Damage Investigator employed by Defendants based on Defendants' common policy and practice of misclassifying all Property Damage Investigators as exempt from the FLSA's

- 1 -

overtime pay requirements. As a result, Plaintiff and all other Property Damage Investigators regularly worked in excess of forty (40) hours per workweek without receiving overtime pay as required by section 207 of the FLSA.

2.

Plaintiff asks this Court to certify a collective of similarly situated individuals, to wit, all Property Damage Investigators who have worked for OSP Prevention Group, Inc., within three years prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

3.

Plaintiff's Consent to Serve as a Plaintiff Representative in this FLSA action is filed herewith as Exhibit "A".

## JURISDICTION AND VENUE

4.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendants OSP's principal office address is located in this judicial district, Defendant Mabry resides in this judicial district, and a substantial

portion of the events giving rise to the claims herein arose in this judicial district.

## **PARTIES**

6.

Plaintiff Michael Menese ("Menese") is a natural person and former employee of Defendants, having been employed from on or about April 10, 2015 to on or about July 13, 2015.

7.

Defendant OSP Prevention Group, Inc. ("OSP") is a domestic corporation existing under the laws of the State of Georgia and is subject to the jurisdiction of this Court. OSP may be served with process via service on its registered agent for service, Wadi Muhaisen, at 10 Glen Lake Parkway, Suite 130, Atlanta, Georgia 30328.

8.

Defendant OSP is subject to the personal jurisdiction of this Court.

9.

Defendant William E. Mabry II ("Mabry") is a natural person.  Mabry may be served with process at his residence, located at 230 18th Street NW, Unit 1120, Atlanta, Georgia 30363-1073, or wherever he may be found.

10.

Defendant Mabry is subject to the personal jurisdiction of this Court.

**FACTUAL ALLEGATIONS COMMON TO THE PLAINTIFF
AND THE CLASS HE REPRESENTS**

11.

Plaintiff brings this action on behalf of himself and all other similarly situated present and former employees of Defendants (those holding the job title or performing the job duties of a Property Damage Investigator) who consent to the representation, pursuant to 29 U.S.C. § 216(b).

12.

Defendant OSP is a risk management company which operates and does business in multiple states, including New Mexico, Virginia, Maryland and Georgia.

13.

Defendant OSP, among other services, provides investigation services to broadband service providers, such as Comcast to investigate and document property damage done to its customers' underground property by construction projects and other work performed by utility companies.

14.

Defendant OSP employed Menese as a Property Damage Investigator from approximately April 10, 2015 through July 13, 2015.

15.

As a Property Damage Investigator, Menese's duties, and those of the class he represents, were to travel to the sites where utility companies or other persons caused damage to the property of OSP's customers and to investigate the cause of the damage and document the damage done, so that OSP's customers could make damage reimbursement claims to the utility companies or others responsible for causing the property damage.

16.

Defendant OSP was and is an "employer" of Plaintiff and the class he represents as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

17.

Defendant OSP is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) and has been in each of the years 2012, 2013, 2014 and 2015.

18.

In 2012, OSP had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

In 2012, OSP had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

Upon information and belief, in 2012, OSP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

21.

In 2013, OSP had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

In 2013, OSP had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

23.

Upon information and belief, in 2013, OSP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

24.

In 2014, OSP had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

25.

In 2014, OSP had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

26.

Upon information and belief, in 2014, OSP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

27.

In 2015, OSP had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

28.

In 2015, OSP had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

29.

Upon information and belief, in 2015, OSP had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

30.

Plaintiff and the class he represents were and/or are "employee[s]" of Defendant OSP as defined in 29 U.S.C. § 203(e)(1).

31.

Plaintiff and the class he represents were paid a salary and were not paid an hourly rate.

32.

Plaintiff's work period, and that of each member of the class he represents consisted of a seven day calendar week.

33.

The work period for Plaintiff and the class he represents began on Saturday and ended on Friday.

34.

The work done by Plaintiff and the class he represents was an integral and essential part of Defendants' business.

35.

At all times material hereto, the position of Property Damage Investigator required no special skills, training, or knowledge beyond general investigation experience.

36.

At all times material hereto, the position of Property Damage Investigator did not require a professional license.

37.

At all times material hereto, the position of Property Damage Investigator did not require a four year college degree.

38.

As a Property Damage Investigator, Plaintiff and the class he represents did not supervise or manage two or more full time employees or their equivalent.

39.

As a Property Damage Investigator, Plaintiff and the class he represents spent the majority of their time travelling and working in the field at the location at which the damage they were investigating occurred.

40.

At all times material hereto, Plaintiff Menese and the other Property Damage Investigators were not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

41.

At all times material hereto, OSP did not employ Menese or the other Property Damage Investigators in a bona fide professional capacity within the meaning of 29 USC § 213(a).

42.

At all times material hereto, OSP did not employ Menese or the other Property Damage Investigators in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

- 10 -

43.

At all times material hereto, OSP did not employ Menese or the other Property Damage Investigators in a bona fide executive capacity within the meaning of 29 USC § 213(a).

44.

Defendant Mabry was and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) inasmuch as he was acting directly or indirectly in the interest of OSP in his interactions with Menese and the other Property Damage Investigators, and he controlled the terms and conditions of employment of Menese and the other Property Damage Investigators on a day to day basis.

45.

At all times material hereto, Defendant Mabry was involved in the day-to-day operation of OSP.

46.

At all times material hereto, OSP vested Mabry with supervisory authority over Menese and the other Property Damage Investigators.

47.

At all times material hereto, Mabry exercised supervisory authority over Menese and the other Property Damage Investigators.

48.

At all times material hereto, Mabry scheduled Menese's working hours or supervised the scheduling of Menese's working hours.

49.

At all times material hereto, Mabry exercised authority and supervision over Menese's compensation and that of the other Property Damage Investigators.

50.

Defendant Mabry exercised the ultimate control over hiring and firing employees, including Plaintiff.

51.

Defendant Mabry had authority and control over Defendant OSP's common policy of misclassifying Property Damage Investigators as exempt from the FLSA's overtime pay requirements and Defendant OSP's failure to pay Property Damage Investigators overtime pay when they worked in excess of forty (40) hours in any given workweek.

52.

Defendants have failed to meet the requirements for any of the exemptions from application of the overtime wage requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

53.

Plaintiff and each member of the class he represents were/are required to be compensated by Defendants at time and one half of his/her regular rate for all hours worked in excess of forty (40) in any given workweek.

54.

Defendants knew or should have known that Plaintiff and the class he represents were not exempt from the overtime pay requirements of the FLSA when they misclassified Property Damage Investigators as exempt.

55.

Upon information and belief, by classifying Property Damage Investigators as exempt from the overtime pay requirements of the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that such practice was permitted under the FLSA.

56.

Upon information and belief, by classifying Property Damage Investigators as exempt from the overtime pay requirements of the FLSA, Defendants have not relied on any legal advice indicating that such practice was permitted under the FLSA.

57.

Defendants have failed and refused to adequately compensate Plaintiff and the class he represents at the legally required rate of time and one half of his/her regular rate for all hours worked in excess of forty (40) in any and every given workweek, and have willfully refused to rectify the situation.

58.

Defendants are liable to Plaintiff and to each member of the class he represents for compensation for any and all time worked over forty (40) hours per week at the rate of time and one half of his/her regular hourly rate.

59.

Defendants' conduct constitute willful violations of 29 U.S.C. § 207 and 215 of the FLSA, entitling Plaintiff and the class he represents to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

## CLAIMS FOR RELIEF
## COUNT ONE

## VIOLATION OF 29 U.S.C. §§ 207 AND 215

60.

Paragraphs 1 through 59 are incorporated herein by this reference.

61.

Throughout Plaintiff's employment with Defendants, Plaintiff and other Property Damage Investigators regularly worked in excess of forty (40) hours per week.

62.

Defendants paid Plaintiff and other Property Damage Investigators no wages at all for the overtime hours worked by them.

63.

At all times material hereto, the position of Property Damage Investigator did not qualify for the administrative exemption because the work involved the use of skills and technical abilities in gathering factual information, applying known standards or prescribed procures, determining which procedure to follow or determining whether prescribed standards of criteria are met within the meaning of 29 C.F.R. §541.203(j). As a result, Defendants were legally required to pay Plaintiff and other Property Damage Investigators at the rate of time and one half

of his/her regular rate for all hours worked in excess of forty (40) in any and every given workweek.

64.

Defendants have failed and refused to adequately compensate Plaintiff and the class he represents at the legally required overtime wage for all work hours over forty (40) in any and every given workweek, and have willfully refused to rectify the situation.

65.

Defendants' failure to compensate Plaintiff and the class he represents at the overtime rate of time and one half of his/her regular hourly rate for all hours actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiffs request that this Court:

(a)      Take jurisdiction of this matter;

(b)     Permit this case to proceed as an FLSA collective action under 29

U.S.C. § 216(b) for those employees, past or present, who opt to

participate by filing proper written notice with the Court;

(c)     Issue an Order holding each of the Defendants to be an "employer" as

that term is defined under the FLSA;

(d)     Grant a trial by jury as to all matters properly triable to a jury;

(e)     Issue a judgment declaring that Plaintiff and the class he represents

were covered by the provisions of the FLSA and that Defendants have

failed to comply with the requirements of the FLSA;

(f)     Award Plaintiff proper payment for each overtime hour worked from

April 10, 2015 through July 13, 2015, calculated at the rate of time

and one half the regular hourly rate paid to Plaintiff by Defendants,

and liquidated damages equaling 100% of the overtime wages due to

Plaintiff, as required by the FLSA;

(g)     Award each member of the class Plaintiff represents overtime pay at

the rate of time and one half their regular hourly rate for each hour

worked in excess of forty (40) in each and every workweek, and

liquidated damages equaling 100% of this amount from three years

preceding the filing with this Court of that class member's signed

Consent to Join FLSA Action;

(h)   Award Plaintiff and each member of the class he represents, prejudgment interest on all amounts owed;

(i)   Award Plaintiff and each member of the class he represents, nominal damages;

(j)   Award Plaintiff and each member of the class he represents, their reasonable attorneys' fees and costs of litigation; and

(k)   Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 11th day of September 2015.

> */s/ Mitchell D. Benjamin*
> Mitchell D. Benjamin
> Georgia Bar No. 049888
> Charles R. Bridgers
> Georgia Bar No. 080791
> Matthew W. Herrington
> Georgia Bar No. 275411

**DELONG, CALDWELL, BRIDGERS,**
**FITZPATRICK & BENJAMIN, LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
benjamin@dcbflegal.com
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com          ATTORNEYS FOR PLAINTIFF