# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MICHAEL MENESE, Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) v. ) ) OSP PREVENTION GROUP, INC. and WILLIAM E. MABRY II, ) ) ) Defendants. ) ) | CIVIL ACTION FILE NO. 1:15-cv-03209-WSD |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Michael Menese and Defendants OSP Prevention Group, Inc. and William E. Mabry II, by and through the undersigned counsel and pursuant to LR 16.2 NDGa, submit their Joint Preliminary Report and Discovery Plan, showing the Court as follows:

**1. DESCRIPTION OF CASE:**

**(a) Describe briefly the nature of this action.**

This is a collective action brought under FLSA. Plaintiff alleges that Defendant violated the overtime pay provisions of the FLSA by misclassifying his position as exempt from the overtime pay provisions of the FLSA and failing to

1

compensate him at one and one half times his regular rate during the entire period of his employment. Plaintiff seeks to have this case certified as a collective action and to recover the overtime pay owed to him and the class, liquidated damages and reasonable attorneys' fees and expenses of litigation.

**(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

*(1)   The Plaintiff's Factual Contentions:*

Defendant OSP is a risk management company which operates and does business in multiple states. It provides investigation services to broadband service providers, such as Comcast to investigate and document property damage done to its customers' underground property by construction projects and other work performed by utility companies. It employed Plaintiff Menese as a Property Damage Investigator from approximately April 10, 2015 through July 13, 2015.

As a Property Damage Investigator, Menese's duties, and those of the class he represents, were to travel to the sites where utility companies or other persons caused damage to the property of OSP's customers and to investigate the cause of the damage and document the damage done, so that OSP's customers could make damage reimbursement claims to the utility companies or others responsible for causing the property damage. Plaintiff and the class he represents were paid a salary

and were not paid for the overtime hours they regularly worked. The Property Damage Investigators did not supervise any employees, required no special skills, training, or knowledge beyond general investigation experience, nor did the position require a professional license.

As a Property Damage Investigator, Plaintiff and the class he represents spent the majority of their time travelling and working in the field at the location at which the damage they were investigating occurred. Defendant Mabry is a defendant as he meets the definition of employer under the FLSA and controlled the terms and conditions of employment of Plaintiff and the other Property Damage Investigators.

As Defendants knew or should have known that Plaintiff and the class he represents were not exempt from the overtime pay requirements of the FLSA when they misclassified Property Damage Investigators as exempt, liquidated damages and a three year statute of limitations are sought.

    **(2)**    *Defendant's Factual Contentions:*

Defendant OSP Prevention Group, Inc. ("OSP") provides investigative and claims submission services to broadband service providers that experience property damage caused by third parties. Specifically, when local municipality and construction companies damage these providers' lines and/or utilities, OSP assists throughout the claim submission process. OSP's involvement begins at the

investigation stage and continues throughout subrogation. Defendant William E. Mabry II is the owner and Vice President of Business Development for OSP.

OSP employs Property Damage Investigators who are tasked with responding when customers report damage in their areas. Upon arriving to a damage site, a Property Damage Investigator performs a thorough investigation that includes, but is not limited to, review of permits and applicable dig laws, witness interviews, site inspection, and general requests for information regarding the damage incident. Using this information, the Property Damage Investigator is vested with authority to determine not only the cause of the damage being reported, but also the party responsible and the amount necessary to "make whole" the customer whose property suffered damage. Once approved, the Property Damage Investigator's report is sent out for invoicing to the responsible party. Given the nature of their employment and their consistent exercise of independent judgment and discretion with respect to matters of significance, OSP properly classifies all Property Damage Investigators as exempt from the overtime pay provisions of the FLSA and pays them a salary.

Plaintiff Michael Menese ("Plaintiff") began working as a Property Damage Investigator for OSP on or about April 10, 2015. From the very beginning of his brief employment with OSP, Plaintiff failed to adequately perform the duties for which he was hired. As a result of those performance issues, OSP terminated

4

Plaintiff's employment on or about July 13, 2015.  Subsequent investigation reveals that Plaintiff failed to complete a single investigation during his brief tenure with OSP and that he grossly overstated the hours that he worked.  Plaintiff rarely, if ever, actually worked in excess of forty (40) hours a week.

Contrary to the allegations set forth in the Complaint, OSP properly classified Plaintiff as exempt from the overtime pay provisions of the FLSA, and Plaintiff has received all compensation to which he is due.  Even if OSP improperly classified Plaintiff, which it did not, such misclassification was not willful and Plaintiff is not entitled to liquidated damages.

**(c)  The legal issues to be tried are as follows:**

1. Whether Defendants violated the FLSA;

2. Whether Defendants misclassified Plaintiff as exempt from the maximum hours requirements of the FLSA;

3. The amount of liquidated damages, if any, to which Plaintiff is entitled from Defendants';

4. Whether Defendants' actions were willful so as to extend the statute of limitations for an additional year;

5. The amount of due but unpaid overtime compensation, if any, to which Plaintiff is entitled to recover from Defendants;

6. Whether Defendants' actions were taken in good faith so as to avoid an award of liquidated damages;

7. The amount of costs of litigation, including reasonable attorneys to which Plaintiff is entitled from Defendant pursuant to 29 U.S.C. § 216(b);

8. Whether Defendant Mabry is an employer under the FLSA;

9. Whether Plaintiff is similarly situated to other Property Damage Investigators such that this case should be certified as a collective action;

10. Whether a two or three year statute of limitations applies.

11. The regular rate used to calculate unpaid overtime compensation, if any, in the event the Court finds that Defendants violated the FLSA;

12. Whether the fluctuating workweek method of overtime payment set forth in 29 C.F.R. § 778.114 applies to Plaintiff's calculation of unpaid overtime, in the event the Court finds that Defendants violated the FLSA.

**(d) The cases listed below (include both style and action number) are:**

*Pending Related Cases:  None*

*Previously Adjudicated Related Cases:  None*

**2. THIS CASE IS COMPLEX BECAUSE IT POSSESSES ONE (1) OR MORE OF THE FEATURES LISTED BELOW (PLEASE CHECK):**

|   | (1) | Unusually large number of parties. |
|---|---|---|
|   | (2) | Unusually large number of claims or defenses. |
|   | (3) | Factual issues are exceptionally complex. |
|   | (4) | Greater than normal volume of evidence. |
| X | (5) | Extended discovery period is needed |
|   | (6) | Problems locating or preserving evidence. |
|   | (7) | Pending parallel investigations or action by government. |

|  |      |                                                              |
|--|------|--------------------------------------------------------------|
|  | (8)  | Multiple use of experts.                                     |
|  | (9)  | Need for discovery outside United Stated boundaries.         |
|  | (10) | Existence of highly technical issues and proof.              |
|  | (11) | Unusually complex discovery of electronically stored information. |

3. **COUNSEL:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:

**DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC**

Mitchell D. Benjamin
Charles R. Bridgers
Matthew W. Herrington
3100 Centennial Tower
101 Marietta Street
Atlanta, GA 30303
(404) 979-3150          Telephone
(770) 859-0754          Facsimile
benjamin@dcbflegal.com
charlesbridgers@dcbflegal.com
matthew.herrington@dcbflegal.com

Defendants:

**Mitchell Law**

W. Wright Mitchell
1201 Peachtree St., N.E., Suite 2000
Atlanta, Georgia 30361
(t) 470-588-3305
(f) 470-588-3306
wright@wrightmitchell.com

**Hall, Arbery, Gilligan, Roberts & Shanlever LLP**

Matthew J. Gilligan
Wes R. McCart
3340 Peachtree Road, N.E., Suite 1900
Atlanta, Georgia 30326
(t) 404-442-8776
(f) 404-537-5555
mgilligan@hagllp.com
wmccart@hagllp.com

4. **JURISDICTION:**
   Is there any question regarding this court's jurisdiction?

   ___ Yes   _X_ No

   If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **PARTIES TO THIS ACTION:**

(a) The following persons are necessary parties who have not been joined:

None known.

(b) The following persons are improperly joined as parties:

None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None.

(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **AMENDMENTS TO THE PLEADINGS:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings which the parties anticipate will be necessary: None.

(b) Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. **FILING TIMES FOR MOTIONS:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the preliminary planning report is filed or should have been filed, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A (2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: *Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. INITIAL DISCLOSURES**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**The Parties do not object to serving Initial Disclosures.**

**9. REQUEST FOR SCHEDULING CONFERENCE**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

The parties do not request a scheduling conference at this time. However, due to the relatively small amount of Plaintiff's damages, Plaintiff respectfully requests that this case be referred to mediation with a Magistrate Judge. Defendants do not consent to mediation.

**10.   DISCOVERY PERIOD**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.1A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The nature of Plaintiff's employment relationship with Defendants; the duties performed by Plaintiff and other Property Damage Investigators for Defendants; the number of hours worked by Plaintiffs and the op-in class for Defendants; and the compensation paid by Defendants to Plaintiff and the opt-in class for such work.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

As a Fair Labor Standards Act case this case is subject to a four month discovery track. The Parties, however, request that the Court allow a six month discovery period because of the litigation schedules of counsel and the upcoming holiday season. Discovery will therefore commence on January 3, 3016 and will end

on July 3, 2016. The parties anticipate requiring additional time to complete damages discovery if and when the case is conditionally certified and the opt-in period closes.

11. **DISCOVERY LIMITATIONS:**

(a) What changes should be made in the limitations on discovery under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

None at this time.

(b) Is any party seeking discovery of electronically stored information?

\_\_\_X\_\_\_ Yes     _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically store information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

*See* Entry under (2).

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

The Parties do not anticipate that ESI will be significant in this matter. If ESI is a subject of discovery, it should be requested with as much specificity as possible to minimize the required expense. Upon request, electronic mail and any other form of digital file shall be produced in native (e.g., .pst, .xcl., .mdb, .doc) format. If the requesting party does not specify the format, the producing party will have the option of producing the documents in native format, paper form or providing the information in static .pdf files. Metadata shall be produced if requested or the Parties may discuss the scope of the metadata production (e.g. which "fields" of metadata will be produced) and attempt to reach agreement. If advanced search methodologies become necessary, the parties agree to confer in attempt to reach agreement regarding the method of culling voluminous materials. The parties agree to cooperate in the development of a list of such terms that will then be run against potentially relevant data sets to determine whether, or to what extent, the terms return a large number of "false hits." If the producing party claims that production of ESI would be an "undue burden," the producing party shall raise the issue with the party seeking production as soon as possible. Neither Party shall request reimbursement for the location or production of ESI without first providing an estimate of those costs to the party seeking production and conferring about those costs. If they cannot reach agreement, they shall jointly seek guidance from the Court.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12. **OTHER ORDERS:**

What other orders do the parties think that the Court should enter under Rule 26(e) or under Rule 16(b) or (c)?

Plaintiff seeks an order referring this case to mediation with a Magistrate Judge. Defendants do not consent to mediation.

13. **SETTLEMENT POTENTIAL:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on December 10, 2015 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature): *s/ Mitchell D. Benjamin*
Other participants:

For Defendant: *s/ W. Wright Mitchell*

Other participants: *s/_____*

(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

15

( X )   A possibility of settlement before discovery.

( X )   A possibility of settlement after discovery.

(___)   A possibility of settlement, but a conference with the judge is needed.

(___)   No possibility of settlement.

(c) Counsel (__X__) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is February 10, 2015.

(d) The following specific problems have created a hindrance to settlement of this case.

The Parties disagree as the existence/non-existence of several material facts, which they hope to resolve through discovery.

**14. TRIAL BY MAGISTRATE JUDGE:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (___) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this _____ day of _____, 2015.

(b) The parties (_X_) do not consent to having this case tried before a magistrate judge of this court.

Respectfully submitted this 5th day of January, 2016.

| | |
|---|---|
| **DeLONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN LLC** | **MITCHELL LAW** |
| */s/ Mitchell D. Benjamin* <br> Mitchell D. Benjamin <br> Georgia Bar No. 049888 <br> benjamin@dcbflegal.com <br> Charles R. Bridgers <br> Georgia Bar No. 080791 <br> charlesbridgers@dcbflegal.com <br> Matthew W. Herrington <br> Georgia Bar No. 275411 <br> matthew.herrington@dcbflegal.com <br> 3100 Centennial Tower <br> 101 Marietta Street, NW <br> Atlanta, Georgia 30303 <br> (404) 979-3150    Telephone <br> (770) 859-0754    Facsimile | */s/ Wright Mitchell* <br> W. Wright Mitchell <br> Georgia Bar No. 513680 <br> wright@wrightmitchell.com <br> 1201 Peachtree Street, Suite 2000 <br> Atlanta, Georgia 30361 <br> (470) 588-3305    Telephone <br> (470) 588-3306    Facsimile |
| **Attorneys For Plaintiff** | **HALL, ARBERY, GILLIGAN, ROBERTS & SHANLEVER LLP** <br><br> */s/ Matthew J. Gilligan* <br> Matthew J. Gilligan <br> Georgia Bar No. 294955 <br> mgilligan@hagllp.com <br> Wes R. McCart <br> Georgia Bar No. 122355 |

wmccart@hagllp.com
3340 Peachtree Road. NE, Suite 1900
Atlanta, Georgia 30326
(404) 442-8776
(404) 537-5555     Facsimile

**Attorneys For Defendants**