**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **MICHAEL MENESE, individually and on behalf of all others similarly situated,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO. 1:15-CV-03209-WSD** |
| **OSP PREVENTION GROUP, INC. and WILLIAM E. MABRY II,** | |
| **Defendants.** | |

# CONSENT PROTECTIVE ORDER

With the consent of the parties, the Court finds good cause exists for the entry of a Protective Order in this case, and it is hereby ORDERED as follows:

1. Until further order of the Court or stipulation of the parties, all discovery provided in this action, including answers to interrogatories, responses to requests for production of documents and requests for admissions, documents produced, depositions of the parties or their agents, and any other information exchanged in discovery in this case, whether provided heretofore or in the future, shall be subject to this Order.

2. The parties agree that the producing party shall be permitted to designate discovery material as Confidential only after a determination that the material constitutes confidential or proprietary information or is otherwise confidential under applicable law.

3. Any documents or material designated Confidential by the parties pursuant to this Order (hereinafter "Confidential Material") shall be marked on its face as "Confidential" and/or "Subject to Protective Order" in a manner which will not interfere with its legibility.

4. In any deposition, either party may designate testimony of witnesses to be Confidential by notifying opposing counsel in writing of the page and line numbers of the testimony deemed confidential. Notice of designation shall be provided within thirty (30) calendar days after the party is provided a copy of the deposition transcript. The entire deposition shall be deemed confidential during the thirty (30) days after receipt of a copy of the deposition transcript.

5. Except as provided below, the parties are prohibited by this Agreement and Order from distributing, showing, disseminating, discussing, corresponding about, or providing photocopies, reproductions, abstracts, lists or summaries of any Confidential Material to any other person or entity if that person is not a party, a witness or potential witness, or a representative of a party to this action.

6. Plaintiff, Plaintiff's counsel, any employees of Plaintiff's counsel's law firm, and any experts retained by Plaintiff's counsel in connection with this case may review and use any Confidential Material or information contained therein but shall not disclose the same to any other person to whom disclosure is not authorized by the terms of this Order, and shall not use such Confidential information for any purpose other than preparation for trial or settlement of this action. Any recipient of such Confidential Material or information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such Confidential Material or information in order to ensure that the confidential nature of the same is maintained. Nothing in this Consent Protective Order shall prevent Plaintiff or Plaintiff's Counsel from showing Confidential Material to witnesses or potential witnesses for preparation for trial, support or opposition to motions and/or settlement of this case.

7. Defendant, Defendants' counsel, any employees of Defendant's counsel's law firm, and any experts retained by Defendant's counsel in connection with this case may review and use any Confidential Material or information contained therein but shall not disclose the same to any other person to whom disclosure is not authorized by the terms of this Order, and shall not use such Confidential information for any purpose other than preparation for trial or

settlement of this action. "Defendant," for purposes of this Order, shall include those employees of Defendant who are directly involved in assisting with the defense of this case or otherwise have a need to review Confidential Material for a proper purpose related to this case. Any recipient of such Confidential Material or information shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such Confidential Material or information in order to ensure that the confidential nature of the same is maintained.

8. Any recipient of such Confidential Material or information (except potential or actual witnesses in this case), by accepting receipt thereof, agrees to submit to the jurisdiction of this Court in any proceeding or hearing relating to such Confidential Material or information and/or this Protective Order, including but not limited to any proceeding relating to the enforcement of this Protective Order.

9. Any expert who is to receive Confidential Material or information, shall be furnished with a copy of this Protective Order, and shall be required to execute an acknowledgement letter of the type attached hereto as Exhibit A, agreeing to abide by its terms before the material is turned over. The original acknowledgment letter executed by each recipient of Confidential Material or information shall be furnished to counsel of record at the conclusion of this case (including any appeals),

together with an itemized list or description of the Confidential Material or information disclosed to any such recipient.

10. Subject to the Federal Rules of Evidence, confidential information and documents, or summaries or abstracts prepared from such information or documents, may be offered in evidence at trial, in support of any motion, or at any court hearing in open court, provided that the proponent of the document or information gives five (5) business days prior notice to counsel for the person that designated the information or document as Confidential Material. The person who produced the information or document designated as Confidential Material may move the Court for an order that the evidence be received under conditions to prevent its disclosure to persons not entitled under this Order to have access to it. The Court shall then determine whether the proffered evidence should continue to be treated as Confidential Material and, if so, what protection, if any, should be afforded to such evidence at the trial or hearing. Once the producing party gives notice to the proponent of the document or information, they shall refrain from filing a copy of the designated material until the Court has the opportunity to consider the producing party's request for protection.

11. Any document, material or other information designated as entitled to protection under this Order which is submitted to the Court in support of a pleading,

or introduced at a hearing, trial or other proceeding, in this action may continue as protected material only by Order of the Court in accordance with these procedures. If information entitled to protection under this Order is submitted to the Court in support of a pleading, such information shall maintain its privileged status for ten (10) days. During this ten-day period the party who designated the information as protected may move the Court to continue the protected status of the information by submitting to the Court a motion for continued protection. The opposing party shall not be permitted to file a response to the motion. The copy of the motion must be delivered to chambers and accompanied by an unredacted copy of the designated material(s). As an aid to the Court, the unredacted copy must be tabbed, marking each section for which continued protection is being requested, so the Court can easily review and determine if continued protection will be granted.

A party who seeks to introduce protected information at a hearing, trial or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will review the information, in camera, to determine if the information is entitled to continued protection.

12. Counsel will not file entire pleadings or documents under seal. Rather, Counsel may redact specific portions of a pleading only where a foundation has been laid for continued protection. Counsel will request continued protection for only those portions of a pleading or document that the parties believe should, and upon which there is legal authority to, remain protected, e.g., bank account numbers, scientific formulas, confidential pricing calculations.

13. Upon final determination of this action, including any appeals, at the request of the producing party all items designated as containing confidential information in this action (excluding exhibits filed in this action), including all copies, abstracts, or summaries thereof, shall be destroyed, and counsel for the party receiving such items shall confirm, in writing, that all such items have been destroyed. The Court shall retain jurisdiction over all recipients of Confidential Material after the conclusion of the litigation for purposes of enforcing the provisions of this Order.

14. Nothing in this Order shall operate as an admission by any party that any particular discovery material is, or is not, admissible as evidence in this action.

15. Nothing in this Order waives the right of any party to challenge the Confidential designation assigned to any item. In the event that a party disagrees with the Confidential designation assigned to any item, that party shall send written

notice to the designating party, though their counsel, identifying the item(s) in question. In the event that the parties cannot reach an agreement concerning the confidentiality of the item, the party opposing continued confidentiality may file a motion with the Court seeking a determination whether the items are properly subject to this Protective Order. All items designated as Confidential Material shall continue to be treated as Confidential Material by all parties even if a challenge has been raised until such time as the Court rules that the information or the documents are not Confidential Material and are not covered by this Order.

16. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives and administrators, heirs, legal contractors or other persons or organizations over which they have control.

17. Nothing in this Order shall limit or preclude any party from applying to the Court for relief from this Order, or for additional Protective Orders as may be appropriate.

Respectfully submitted this 8th day of March, 2016.

*s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Georgia Bar No. 049888
Matthew Herrington

*s/ W. Wright Mitchell*
W. Wright Mitchell
Georgia Bar No. 513680
Mitchell Law

Georgia Bar No. 275411
DeLong, Caldwell, Bridgers, Fitzpatrick
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
Tel: (404) 979-3150
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

COUNSEL FOR PLAINTIFF

1201 Peachtree Street, N.E.
Suite 2000
Atlanta, Georgia 30361
Tel: (404) 588-3305
wright@wrightmitchell.com

COUNSEL FOR DEFENDANTS

**SO ORDERED this 16th day of March, 2016:**

William S. Duffey
_______________________________
**The Honorable William S. Duffey, Jr.**
**United States District Judge, Northern District of Georgia**

**EXHIBIT A**

I, ________________________, hereby acknowledge that I will receive confidential documents provided to me in connection with *Michael Menese v. OSP Prevention Group, Inc. and Michael E. Mabry II*, Civil Action No. 1:15-cv-03209-WSD, United States District Court for the Northern District of Georgia. I certify that I have read a copy of the Protective Order entered in the above-referenced case, and I agree to use the Protected Documents and the information contained therein only for purposes of the above-referenced litigation and not for any business or commercial purpose, and I further agree not to disclose the Protected Documents and the information contained therein to any other person. I expressly agree to be bound by the Protective Order and to be subject to the personal jurisdiction of the U.S. District Court for the Northern District of Georgia for all purposes related hereto.

________________________________
Name (Print)

________________________________
Signature

____________________
Date

______________________________

______________________________

______________________________
Business Address